**\*AMENDED HLD-007**  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3397
_____

IN RE: TARIQ WYATT,
                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. Nos. 1:22-cv-00092 & 1:22-cv-00414)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 9, 2023
Before:  CHAGARES, Chief Judge, HARDIMAN, and PHIPPS, Circuit Judges

(Opinion filed: March 6, 2023)
_____

OPINION*
_____

PER CURIAM

    Tariq Wyatt petitions for a writ of mandamus in connection with two civil rights

actions he filed in the United States District Court for the Middle District of Pennsylvania

against officials from the Pennsylvania Department of Corrections.  Wyatt contends that

(1) the defendants in both cases are improperly sending correspondence related to the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

actions, which Wyatt believes should be treated as privileged, to an inmate mail processing center where mail is opened, inspected, and copied; (2) he has been unable to identify unnamed defendants in Wyatt v. Hauser, M.D. Pa. Civ. No. 1:22-cv-00092; and (3) the District Court failed to properly mail the Report and Recommendation in Wyatt v. Mason, M.D. Pa. Civ. No. 1:22-cv-00414, which prevented Wyatt from filing timely objections. Wyatt alleges that District Judge Jennifer P. Wilson and Magistrate Judge Martin C. Carlson have ignored his letters requesting relief related to these issues and asks for this Court's "intervention" and that "maybe even both judges [be] removed from these cases." See 3d Cir. ECF #1-1 at 1.

"Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation and internal quotation marks omitted). To justify the use of this extraordinary remedy, Wyatt must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He has not made the requisite showing.

Insofar as Wyatt's contention that the District Court has ignored his letter requests may be construed as an allegation of undue delay, mandamus relief is not warranted. An appellate court may issue a writ of mandamus on the ground that undue delay amounts to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). In No. 1:22-cv-00092, Wyatt filed a letter with

2

the District Court requesting intervention in the defendants' manner of mailing correspondence in April 2022 and has raised the issue again and requested assistance in identifying unnamed defendants in the months since. We cannot say that the District Court's lack of response to these requests at this juncture amounts to a failure to exercise jurisdiction, particularly where the District Court has otherwise promptly ruled on dispositive motions and the action remains ongoing. In these circumstances, we are confident that the District Court will rule on Wyatt's pending requests without undue delay. And in Wyatt's other case, the District Court addressed Wyatt's request to order the defendants to treat case-related correspondence as privileged,[1] as well as Wyatt's contentions that he did not timely receive notice of the Report and Recommendation or certain other District Court documents, in orders entered in November 2022 and January of this year. See M.D. Pa. Civ. No. 1:22-cv-00414, ECF Nos. 29, 31, 32. Nothing precludes Wyatt from seeking further relief in the District Court through properly filed motions or from challenging any adverse decisions on appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

Mandamus relief is also not warranted with respect to Wyatt's request that we remove Judges Wilson and Carlson from his cases. While "[m]andamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a)," Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163

---

[1] Specifically, the District Court denied Wyatt's request for relief in that case.

(3d Cir. 1993), Wyatt has not filed motions seeking recusal in either of his District Court actions, and he has thus not shown that he lacks other adequate means to obtain relief, see In re Kensington Int'l Ltd., 353 F.3d at 224.  Moreover, Wyatt has provided no facts upon which a reasonable person "would conclude that the [judges'] impartiality might reasonably be questioned."  In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

Accordingly, we will deny the mandamus petition.[2]

---

[2] Wyatt's motion for a preliminary and permanent injunction and a temporary restraining order is denied.